IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA



| | |
|---|---|
| SHELIA M. BOLAR and similarly situated persons <br> Plaintiff, <br> <br> V. <br> <br> VOLUNTEERS OF AMERICA, LOS ANGELES; ELIZABETH LAND; CITY OF LOS ANGELES, CALIFORNIA; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY, CALIFORNIA; LOS ANGELES POLICE DEPARTMENT; UNKNOWN LAW ENFORCEMENT OFFICERS EMPLOYED BY LOS ANGELES POLICE DEPARTMENT; FEDERAL BUREAU OF INVESTIGATION; RICHARD RENTERIA; VERONICA LARA; ROBERT PRATT; JANON EPHRIAM; UNITED STATES DEPARTMENT OF AND URBAN DEVELOPMENT; UNITED STATES OF VETERANS AFFAIRS; BRIDGITT WILLIAMS; LORRAINE MARTINEZ; THERESA SCATES; SARAH BALDUCCI; DALIA SANCHEZ; RUBEN AGUIRRE; CEDRIC ASHLEY; JOHN HERBIG; FIRST TO SERVE, INC.; MARIA MIRANDA; DOES 1-100 inclusive, <br> Defendants. | CIVIL INDEX NO. _____ <br> <br> LACV1904229-JAK-SLx <br> <br> JURY TRIAL DEMANDED |

**PRELIMINARY STATEMENT**

1. NOW COMES Plaintiff Shelia M. Bolar, of and through herself, bringing this civil complaint for compensatory and punitive damages and for injunctive relief and declaratory judgment,

1

against Defendants for unrelenting harassment, unlawful searches and **sexual violation** of Plaintiff's person (while Plaintiff was asleep), and unlawful searches, seizures and thefts of Plaintiff's papers (including Plaintiff's Federally protected intellectual properties) and other personal effects, for criminal purposes, as well as other deprivations and violations, with full criminal intent, of the civil, constitutional and other statutory rights accorded to Plaintiff, in her capacity as a crime victim of and a complaining witness, to both an **ongoing organized smear campaign** designed to destroy Plaintiff's otherwise good name and reputation and an ongoing racketeering scheme and criminal conspiracy, involving billions of dollars and massive criminal fraud, which originated in New York City but has crossed multiple U. S. States lines (including but not limited to the State of California and the City and County of Los Angeles) and multiple national boundaries, which Defendants have aided, abetted and facilitated, from December 2018 until the filing of this instant civil complaint. (See also Bolar v. BMW Private Security, filed subsequent to this instant civil complaint).

2. Plaintiff further contends and alleges, thereon, upon personal knowledge and belief, as to all other matters and as for such allegations, Plaintiff believes substantial evidence and evidentiary materials exists or will exist, after a reasonable opportunity for further investigation, inquiry and discovery.

## RELIEF SOUGHT

3. Each of the preceding paragraphs 1-2 are re-alleged and re-pleaded as if fully set forth herein.

4. Relief from this court is sought pursuant to Rule 45 of the Federal Rules of Civil Procedure, such that Defendant VOALA is ordered to produce for inspection and viewing both by Plaintiff and by the trial jurors that will be selected for the anticipated trial relative to this instant civil complaint, any and all video footage, captured by security cameras that were installed inside the first floor female dorm, at the Women's Shelter of South Central Los Angeles at 8770 South Broadway Street, of the areas immediately surrounding the bunk bed (08B), to which Plaintiff was assigned, from April 01-April 04, 2019, and the areas immediately surrounding bunk bed 01B, from April 05, 2019 until the filing of this instant civil complaint.

5. Relief is also sought, from this court, pursuant to Rule 45 of the Federal Rules of Civil Procedure, such that Defendant VOALA

be ordered, by this court, to produce for inspection and copying, by Plaintiff, at this court on a date and at a time that is convenient for the court, any and all search warrants, court orders and the like that were presented, by said Defendant law enforcement agencies, to Defendant VOALA, its agents, assigns, employees and to any and all persons acting on its behalf, at its corporate office situated, upon information and belief, at 3600 Wilshire Boulevard, Suite 1500, Los Angeles, CA 90010 and at its Women's Shelter of South Central Los Angeles, situated at 8770 South Broadway, Los Angeles, California 90003, at any time prior or subsequent to April, 2019; granting said Defendant Los Angeles Police Department or Defendant Los Angeles County Sheriff's Department or any other law enforcement agency authority to conduct a search of Plaintiff's person or possessions, which Plaintiff brought with her to said Women's Shelter, on April 1, 2019, when Plaintiff first arrived.

6. Relief is further sought, from this court, pursuant to Rule 45 of the Federal Rules of Civil Procedure, such that Defendant Lara, Defendant Pratt, Defendant Elizabeth Land, Defendant Maria Miranda and Defendant Richard Renteria be ordered, by this court, to produce for copying and inspection, any and all notes, emails and all other written communications generated by them and between them and any other VOALA staff member, involving any conversations or communications that transpired between them, regarding Plaintiff and the complaints that Plaintiff repeatedly made, to Defendants about multiple break-ins into Plaintiff's luggage, during which time several hundred cash dollars (which belonged solely to Plaintiff) along with thousands of pages of evidentiary materials, related to Plaintiff's ongoing legal pursuits, as a crime victim of and complaining witness to said ongoing racketeering scheme and criminal conspiracy, were stolen from said luggage, in furtherance of said ongoing scheme.

7. Relief from this court is also sought, pursuant to Rule 45 of the Federal Rules of Civil Procedure, such that Defendant law enforcement agencies be ordered, by this court, to produce for copying and inspection, any and all criminal complaints, police reports, witness statements, related affidavits, search warrants, court orders and the like, that were issued to said Defendant law enforcement agencies, by any and all courts, during the period December 1, 2018 through until the filing of this instant civil complaint, in the City and/or County of Los Angeles, authorizing them to search Plaintiff's person and/or search and/or seize Plaintiff's papers and other personal effects from said Women's Shelter of South Central Los Angeles, where Plaintiff has been staying, since April 1, 2019.

8. Relief from this court is equally sought, pursuant to Rule 45 of the Federal Rules of Civil Procedure, such that VOALA Defendants be ordered, by this court, to immediately return to Plaintiff, in the same condition in which they were stolen, any and all of Plaintiff's papers and other personal effects that were taken by VOALA and any other Defendant, from Plaintiff's luggage and person.

9. Plaintiff, in seeking said relief, contends that an actual controversy exists between Plaintiff and Defendants, in that the Defendants have knowingly, willfully, intentionally and continuously aided, abetted and facilitated said criminal fraud and criminal conspiracy, even after having been put on notice, in writing, of such fraud, by Plaintiff, and that the challenged actions of Defendants have caused and will continue to cause Plaintiff serious, substantial, significant, unwarranted and irreparable physical, medical, financial, economic and reputational harm, emotional distress and mental anguish, unless Plaintiff's requests for relief from this Court, as outlined below, are granted, as soon as possible.

**OTHER RELIEF SOUGHT**

10. Each of the preceding paragraphs 3-8 are re-alleged and re-pleaded as if fully set forth herein.

11. Other Relief from this court is sought pursuant to Article I, Sections 1,2, 3(a), 3(b)(1), (2), (4), (5), (7), 4, 5, 6, 7(a) and (b), 10, 13, 14, 15, 16, 17, 18, 24, 26, 28, 29 of the California Constitution.

12. Relief from this court is additionally sought pursuant to 42 U.S.C. §§ 1983 and 1985, and to 50 U.S.C. § 1809 of the Foreign Intelligence Surveillance Act, 18 U.S.C. § 2703 of the Stored Communications Act, and in 18 U.S.C. §§ 1001, 1029, 1084, 1341, 1344, 146-1465, 1503, 1510, 1512, 1513, 1581-1592, 1831, 1832, 1951, 1952, 1953, 1957, 1958, 2314-2315, 2318, 2319 and 2319A of the Racketeering Influenced Corrupt Organizations Act and in 18 U.S.C. § 2261A (1)(A), (B)(2)(A) and (B) of the Federal anti-stalking laws and the Violence Against Women Act, and in 47 U.S.C. § 223 and 18 U.S.C. §§ 2510 and 3121 of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 of the Stored Communications Act and of the rights secured in the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

13. Each of the preceding paragraphs 1-11 is re-alleged and re-pleaded as if fully set forth herein.

14. This is a federal question case. Thus this court has pendent jurisdiction over said federal claims. Accordingly, Plaintiff brings this suit at law pursuant to 28 U.S.C. §§ 1331, 1334 and 1391, 42 U.S.C. § 1983, 18 U.S.C. § 1962 (a)-(d), 1964 (a)-(d) and 1965 (a)-(d) (CIVIL RICO) and pursuant to the rights secured in the First, Fourth, Fifth, Third, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the United States Constitution.

15. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1605 (general exceptions to jurisdictional immunity).

16. This court also has subject matter jurisdiction over this action, based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(2), in that there will be diversity of citizenship between Plaintiff and between a number of the Defendants identified as "DOES 1-100 inclusive".

17. The injunctive relief and declaratory judgment, sought by Plaintiff, is authorized by 28 U.S.C. §§ 2201(a) and 2202 of the Declaratory Judgment Act, as well as by Fed. R. Civ. P. Rule 57.

18. This court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as these claims are intricately intertwined with Plaintiff's Section 1983 and RICO claims and form part of the same controversy.

## VENUE

19. Each of the preceding paragraphs 12-18 are re-alleged and re-pleaded as if fully set forth herein.

20. Venue is properly laid in the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and 1391, in that a substantial portion of the acts, omissions, and events, that give rise to and form the basis for said claims in this instant complaint, have occurred and continue to occur in this judicial district and arose from Defendants' continuous and repeated violations of the civil, constitutional and other statutory rights accorded to Plaintiff in said Federal and State statutes and constitutions.

21. Plaintiff is further informed believes and, thereon, alleges that Defendants, their successors, agents, assigns, employees and a sizeable number of persons, acting in concert and participation with them, have sufficient contact with this district generally and, in particular, with the events, acts and omissions alleged herein.

## PARTIES

22. Plaintiff Shelia Mariah Bolar (hereinafter "Plaintiff"), a natural born citizen of the United States and an honorably discharged, service-connected disabled African-American female veteran of the United States Air Force, was at all times relevant herein, a resident of the City and County of Los Angeles and a homeless veteran residing at the Women's Shelter of South Los Angeles, which is owned and operated by Volunteers of America, Los Angeles.

23. Defendant VOLUNTEERS OF AMERICA, LOS ANGELES, INC. ("VOALA") is a recognized IRS 501(c)3 nonprofit corporation in good standing in the State of California. For purposes of this lawsuit VOALA is a state actor acting under color of law, because it is a willful and intentional participant in joint action with both the City of Los Angeles ("Los Angeles") and County of Los Angeles ("County of Los Angeles") as well as with both the U.S. Department of Housing and Urban Development ("HUD") and with the U.S. Department of Veterans Affairs ("VA"), all of which are government entities. Further, said Defendant government entities have collectively insinuated themselves into a position of financial interdependence with VOALA thus creating symbiotic relationships with VOALA - inextricably intertwining the goals, finances, operations, and procedures for homelessness with those of VOALA. VOALA has been in operation of a Women's Shelter on South Broadway Street ("Shelter"), at the time of the actions complained of herein.

24. Defendant County of Los Angeles, at all times relevant herein, was a public entity, organized and existing under the laws of the State of California.

25. Defendant Los Angeles Sheriff's Department is, and at all times alleged herein, was an agency of Defendant County of Los Angeles.

26. Defendant City of Los Angeles ("CITY") is a municipal entity with the capacity to sue and be sued. It is a Charter City under the laws of the State of California.

27. Defendant Los Angeles Police Department is an agency of the City of Los Angeles. Its law enforcement officers, and by extension, its employees have engaged in the acts complained of herein pursuant to the policies, practices and customs of the CITY.

28. Defendant Federal Bureau of Investigation is a component of the United States Department of Justice ("DOJ"). It is headquartered

in Washington, DC, and has field offices throughout the country, including in Los Angeles, California.

_[signature]_     05/11/19
Signature     Date

